UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN TALBOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:05 CV 1982 DDN |
| | ) |
| CITY OF O'FALLON, et al., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This action is before the court on the motion of defendants City of O'Fallon, Donna Morrow, Lyn Schipper, Bob Patek, Randy Hudson, Jimmy Mitchell, and Terry Busken to transfer venue. (Doc. 6.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 16.) A hearing was held on this matter November 30, 2005.

**Background**

Plaintiff Steven Talbott commenced this action in the Circuit Court of St. Charles County on September 22, 2005. Defendants removed the action to this court, and then moved to transfer the case to the Northern Division or Southeastern Division of the Eastern District of Missouri. (Doc. 6.) They argue that media coverage of facts upon which the instant action is based, and local residents' familiarity with the parties, will make finding an unbiased jury pool difficult, and that no party will be inconvenienced because all pretrial matters could still be heard in the Eastern Division of the Eastern District. (Id. Attach. 1.) They further argue that the small distance of travel required to hold the trial in another venue is a minor inconvenience when compared to the difficulty in finding an impartial jury, and that prejudicial news coverage forms the basis of plaintiff's claims. (Doc. 12.)

Plaintiff argues that it is neither convenient for the parties nor necessary in the interest of justice for the case to be transferred. (Doc. 8.) He argues there is no evidence that the local jury pool is biased due to media coverage or personal familiarity with the parties.

He further argues that the other venues suggested by the defendants are more inconvenient than the Eastern Division.

### Discussion

When determining whether the court may transfer an action to a different venue, three factors must be considered: the convenience of the witnesses, the convenience of the parties, and whether the transfer is in the interest of justice. 28 U.S.C. § 1404(a);[1] New Dawn Natural Foods, Inc. v. Natural Nectar Corp., 670 F. Supp. 869, 873 (E.D. Mo. 1987). Changes of venue "should not be freely granted" and it is within the discretion of the trial court to transfer the action. In re Nine Mile Ltd., 692 F.2d 56, 61 (8th Cir. 1982); New Dawn Natural Foods, 670 F. Supp. at 874. "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." New Dawn Natural Foods, 670 F. Supp. at 874.

Concerning the convenience of the parties, plaintiff and all defendants either reside or work in the Eastern Division of the Eastern District of Missouri. (Doc. 1 Ex. A at 1-2.) Plaintiff asserts that most, if not all, potential witnesses are located in the Eastern Division of the Eastern District. Further, all documents and any other potential evidence in this action is located in this division. It is not inconvenient for any party or witness to try this action in this division.

The defendants argue that it would not be particularly inconvenient to transfer this case to either the Northern Division or the Southeastern Division, since all pretrial matters could be held here, and the distance of less than 100 miles to the federal courthouse in Hannibal is not overly burdensome. But the question is not whether it is not inconvenient to transfer, but whether the transferee forum is more convenient. See Collier v. Murphy, No. 02 C 2121, 2002 WL

---

[1] "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

31761406, at *2 (N.D. Ill. Dec. 9, 2002) (transferee district must be clearly more convenient). Defendants essentially conceded that this venue is more convenient than either of the two alternatives. If this action were transferred, the parties would be inconvenienced by having to travel to either Hannibal or Cape Girardeau for trial. No party or witness would be inconvenienced if the trial were held in the Eastern Division. Defendants argue that it is in the interest of justice to transfer this case to either the Northern or Southeastern Division of this district, because it will be difficult to obtain unbiased jurors. (Doc. 6 Attach. 1 at 2.) Plaintiff counters that the O'Fallon area constitutes only a small portion of the potential jury pool in the Eastern Division, and finding jurors who are unbiased about the parties or the issues will not be difficult.

"The party challenging the impartiality of the jurors has the burden of showing that particular jurors hold opinions that raise a presumption of partiality." Nanninga v. Three Rivers Electric Coop., 236 F.3d 902, 906 (8th Cir. 2000); Hubbard v. White, 755 F.2d 692, 694-95 (8th Cir. 1985) (movant proffered no evidence of alleged prejudicial publicity).

Here, the complaint cites many instances of media coverage of the underlying facts this action is based on. (Doc. 1 Ex. A.) However, defendants have not proffered any "materials that demonstrate the alleged prejudicial publicity." Hubbard, 755 F.2d at 695. They simply allege that given this media coverage, finding an impartial jury would be "more likely" in the other two divisions. They feel using a jury pool with people who are less familiar with this case "will expedite the jury selection process and will allow the trial to take place in a more efficient and less expensive manner . . . ." (Doc. 6 Attach. 1 at 2.)

Defendants have offered no evidence that the jury pool in the Eastern Division is impartial. Any potential bias is speculative at this time. While the media allegedly covered the facts this action is based on, defendants have not proffered factual evidence that potential jurors are prejudiced by this. Further, the jury pool in the Eastern Division is larger than merely O'Fallon or even the St. Louis

metropolitan area.[2] And even if jurors are familiar with this action, that does not mean they have formed a biased opinion on the issues. See United States v. Green, 983 F.2d 100, 102 (8th Cir. 1992) ("impartiality can be met even if members of the venire panel have some knowledge of the case."). At this stage in the litigation, it is simply too soon to determine whether the jury pool is contaminated by press coverage of the incidents leading to this lawsuit.

Defendants have not demonstrated that a transfer of venue is necessary for convenience or in the interest of justice at this time. Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendants to transfer venue (Doc. 6) is denied.

_____
**DAVID D. NOCE
UNITED STATES MAGISTRATE JUDGE**

Signed on January 9, 2006.

---

[2] Jurors for the Eastern Division of the Eastern District of Missouri are chosen from 15 Missouri counties and the City of St. Louis. Those counties include: Crawford, Dent, Franklin, Gasconade, Iron, Jefferson, Lincoln, Maries, Phelps, St. Charles, St. Francois, St. Genevieve, St. Louis, Warren, and Washington. Available at http: www.moed.uscourts.gov.